UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60105

INDIANA ALEMAN, individually and
on behalf of all those similarly situated,

    Plaintiff,

v.                                        **CLASS ACTION**

ARSTRAT, LLC, d/b/a ARSTRAT
COLLECTIONS, LLC

    Defendants.

_____/

**CLASS ACTION COMPLAINT**

Plaintiff INDIANA ALEMAN ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant ARSTRAT, LLC, d/b/a ARSTRAT COLLECTIONS, LLC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

**1. JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2. PARTIES**

3. Plaintiff is a natural person residing in Broward County, Florida.

4. Defendant is a Nevada corporation, with its principal place of business located at 14141 S.W. Freeway, Suite 300, Sugarland, Texas 77478.

**3. DEMAND FOR JURY TRIAL**

5. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4. ALLEGATIONS**

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

8. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

9. Defendant is a business entity engaged in the business of collecting consumer debts.

10. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

12. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9903741.

13. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

14. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

15. The Consumer Debt is a "debt" governed by the FDCPA. 15 U.S.C § 1692a(5).

16. Defendant is a "debt collector" as defined by the FDCPA . 15 U.S.C § 1692a(6).

17. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

18. Defendant mailed a collection letter, internally dated July 19, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached hereto as Exhibit "A" is a copy of the Collection Letter

19. The following is an excerpt from the Collection Letter (the "G-Notice") :

**IMPORTANT NOTIFICATION**

If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you do not dispute the account(s) or debt(s), request us to validate the account(s) or debt(s), or contact us about the account(s) or debt(s), we may report the account(s) or debt(s) to 1 or more consumer credit reporting agencies.

The requests for payment in this letter do not reduce your rights to dispute this debt or any portion thereof and/or to request verification within the thirty (30) day period set forth above.

*See* Exhibit A.

20. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of any debt.

21. The Collection Letter was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

22. Defendant did not provide the information required by 15 U.S.C. § 1692g(a)(3) within the Collection Letter.

23. Defendant did not send Plaintiff a written notice containing "*a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be a valid by the debt collector,*" 15 U.S.C. §

PAGE | **3** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1692g(a)(3), nor did Defendant provide Plaintiff with such information during Defendant's initial communication with Plaintiff, i.e., within the Collection Letter.

24. Defendant identifies itself as a "debt collector" in the Collection Letter.

## 5. CLASS ALLEGATIONS

25. This action is brought on behalf of a class (the "FDCPA Class") defined as: [1] all persons with Florida addresses [2] that were sent a letter [3] in an attempt to collect a consumer debt [4] during the 12-months preceding the commencement of this action [5] whereby said letter was Defendant's initial communication with the consumer in connection with the collection of the underlying debt and [6] said letter *either* contains the same language as excerpt above, *supra* ¶ 19, or omits the information required by 15 U.S.C. § 1692g(a)(3).

26. Plaintiff alleges, on information and belief, the FDCPA Class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which identically violate the FDCPA as stated below.

### 5.1 EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

27. Common questions of law and fact exist for the FDCPA Class and otherwise predominate over any issues involving only individual class members.

28. The legal and factual issues common to the FDCPA Class are whether members were mailed a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

29. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.2 TYPICALITY

30. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3 ADEQUACY

31. Plaintiff is an adequate representative of each of the classes.

32. Plaintiff will fairly and adequately protect the interests of the classes.

33. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4 PREDOMINANCE AND SUPERIORITY

34. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692g(a)**

36. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-35 as though fully set forth herein.

37. As stated above, the Collection Letter mailed to Plaintiff was Defendant's initial communication with Plaintiff in connection with the collection of Consumer Debt, and because of this, Defendant was required by § 1692g(a) of the FDCPA to provide Plaintiff (either within the Collection Letter, or *via* a separate writing within five days thereof) with, *among other things*, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be a valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Defendant, however, did not provide Plaintiff with the statement required by § 1692g(a)(3) within the Collection Letter, or within five days thereof. As such, by and through the Collection Letter, Defendant violated 15 U.S.C. § 1692g(a).

38. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692g(b)**

39. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-35 as though fully set forth herein.

40. Section 1692g(b) states, in relevant part, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

41. The above noted excerpt from the Collection Letter, *i.e.,* the G-Notice, *supra* ¶ 19, requires that any dispute had by the least sophisticated consumer with respect to the underlying debt be made in writing. Section 1692g(a)(3) of the FDCPA affords consumers the ability to, *among other things*, dispute the underlying debt orally. Here, the Collection Letter is a communication with the prescribed 30-day period, as the Collection Letter is the communication triggering the 30-day period. Simply put, the Collection Letter explicitly requires any dispute had by the consumer to be made in writing and this is entirely inconsistent and overshadows the consumers right to dispute the debt *orally* pursuant to § 1692g(a)(3). As such, by and through the Collection Letter, Defendant violated 15 U.S.C. § 1692g(b).

42. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(d) Statutory damages, as provided under 15 U.S.C. §1692k;

(e) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(f) Such other or further relief as the Court deems proper.

## *COUNT III.* <br> *VIOLATION OF 15 U.S.C. § 1692e*

43. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-35 as though fully set forth herein.

44. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Here, the Collection Letter explicitly requires any disputes had by the consumer with respect to the underlying debt to be in writing. Pursuant to § 1692g(a)(3) the consumer enjoys the benefit of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

disputing the debt orally, the likes of which would otherwise prevent the underlying debt from being assumed valid by Defendant. *See* 15 U.S.C. § 1692g(a)(3). By explicitly requiring that all disputes had by the consumer be in writing, the Collection Letter causes the least sophisticated consumer to erroneously believe, among other things, that he or she *must* dispute the underlying debt in writing, or that any *oral* dispute had by the consumer would be disregarded by Defendant. As such, Defendant, by and through the Collection Letter, made unlawfully false, deceptive, and/or otherwise misleading representations to the least sophisticated consumer in connection with the collection of a debt. Accordingly, Defendant violated 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) .

45.     WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(g)     Statutory damages, as provided under 15 U.S.C. §1692k;

(h)     Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(i)     Such other or further relief as the Court deems proper.

DATED: January 16, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com