UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:20-CV-60105-RS

| | |
|---|---|
| **INDIANA ALEMAN,** ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **ARSTRAT, LLC, d/b/a ARSTRAT** ) | |
| **COLLECTIONS, LLC** ) | |
|       Defendant. ) | |

**DEFENDANT ARSTRAT, LLC'S
ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Comes Now, Defendant, ARSTRAT, LLC, d/b/a ARSTRAT COLLECTIONS, LLC ("Defendant"), by and through its undersigned attorney, files its Original Answer, Affirmative Defenses and Jury Demand to Class Action Complaint filed by Plaintiff INDIANA ALEMAN ("Plaintiff"), and will show as follows:

**A.    JURISIDCITON AND VENUE**

1.    Defendant admits that Plaintiff contends in Paragraph 1 that this court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337 because Plaintiff has asserted claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter "FDCPA").  Defendant further admits that Plaintiff contends in Paragraph 1 of Complaint that this Court has jurisdiction under 28 U.S.C. § 1332(d) because Plaintiff contends the total amount in controversy exceeds five million dollars ($5,000,000) exclusive of interest and costs. Paragraph 1 of the Complaint states a legal conclusion to which no response from Defendant is required. To the extent that this Court requires Defendant to respond, Defendant denies that the amount of controversy exceeds five million dollars ($5,000,000) but admits that Plaintiff has

asserted federal claims under the FDCPA. Defendant denies violating the FDCPA. All remaining allegations are denied.

2. Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**B.     GENERAL ALLEGATIONS**

3. Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits allegations in Paragraph 4 of Plaintiff's Complaint.

**C.     DEMAND FOR JURY DEMAND**

5. Defendant admits that Plaintiff seeks trial by jury in Paragraph 5 of Plaintiff's Complaint.

**D.     ALLEGATIONS**

6. Defendant denies the allegations asserted in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information and/or knowledge to admit or deny the allegation contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant is without sufficient information and/or knowledge to admit or deny the allegation contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Paragraph 11 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits allegations asserted in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits allegations asserted in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits allegations asserted in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that Paragraph 15 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that Paragraph 16 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies allegations asserted in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies allegations asserted in Paragraph 18 of Plaintiff's Complaint.

19. Defendant (letter)

20. Defendant denies allegations asserted in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies allegations asserted in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Paragraph 22 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies allegations asserted in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies allegations asserted in Paragraph 24 of Plaintiff's Complaint.

E. **CLASS ALLEGATIONS**

25. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 25 of Plaintiff's Complaint. However, the allegations contained in paragraph 25 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

26. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 26 of Plaintiff's Complaint. However, the allegations contained in paragraph 26 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

27. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 27 of Plaintiff's Complaint. However, the allegations contained in paragraph 27 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied

28. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 28 of Plaintiff's Complaint. However, the allegations contained in paragraph 28 of the Complaint are precatory in nature and do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

29. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 29 of Plaintiff's Complaint. However, the allegations contained in paragraph 29 of the Complaint are precatory in nature. To the extent these

allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied

30.     Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 30 of Plaintiff's Complaint.  However, the allegations contained in paragraph 30 of the Complaint are precatory in nature and do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

31.     Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 31 of Plaintiff's Complaint.  However, the allegations contained in paragraph 31 of the Complaint are precatory in nature and do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

32.     Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 32 of Plaintiff's Complaint.  However, the allegations contained in paragraph 32 of the Complaint are precatory in nature and do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied

33.     Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 33 of Plaintiff's Complaint.  However, the allegations contained in paragraph 33 of the Complaint are precatory in nature and do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied

34. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 34 of Plaintiff's Complaint.  However, the allegations contained in paragraph 34 of the Complaint are precatory in nature and do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied

35. Defendant admits that Plaintiff brought this action on behalf of a class as asserted in Paragraph 35 of Plaintiff's Complaint.  However, the allegations contained in paragraph 35 of the Complaint are precatory in nature and do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

## COUNT I
## 15 U.S.C. § 1692g(a)

36. Defendant incorporates by references paragraphs 1-35 as though fully set forth herein.

37. Defendant denies the allegations asserted in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in Paragraph of 38 of Plaintiff's Complaint including Plaintiff's prayer for relief set forth in subparagraphs (a)-(c) of Paragraph 38 of Plaintiff's Complaint.

## COUNT II
## 15 U.S.C. § 1692g(b)

39. Defendant incorporates its responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully restated herein.

40. Defendant admits that Paragraph 40 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which

Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant admits that Paragraph 41 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in Paragraph of 42 of Plaintiff's Complaint including Plaintiff's prayer for relief set forth in subparagraphs (d)-(f) of Paragraph 42 of Plaintiff's Complaint.

## COUNT III
## 15 U.S.C. § 1692e

43. Defendant incorporates its responses to paragraphs 1 through 42 of Plaintiff's Complaint as if fully restated herein.

44. Defendant admits that Paragraph 44 of Plaintiff's Complaint purports to allege one or more out-of-context, incomplete and improperly summarized legal conclusions to which Defendant is not required to respond. To the extent the Court requires a response, Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph of 45 of Plaintiff's Complaint including Plaintiff's prayer for relief set forth in subparagraphs (g)-(i) of Paragraph 45 of Plaintiff's Complaint.

## DEFENDANT'S JURY DEMAND

Defendant asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant has no civil liability under the FDCPA, as any violation was an unintentional, *bona fide* error and occurred despite the maintenance of procedures reasonably adapted to avoid such violation.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that additional affirmative defenses may exist as to individual putative class members in the event a class is certified, such as consent, the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, and other individual defenses not presently known.  Defendant respectfully reserves the right to amend their Affirmative Defenses to address those potential defenses in the event a class is certified.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that 15 U.S.C.§ 1692, et. seq. prohibits the recovery of equitable relief, including but not limited to declaratory judgment.

### FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant Arstrat, LLC respectfully requests that the Court enter an order and judgment in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits;
2. Awarding Defendant applicable costs and fees pursuant to 15 U.S.C. §1692k; and
3. Awarding Defendant such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| DATED: February 26, 2020 | Respectfully Submitted: |

          */s/* Charles J. McHale
          DALE T. GOLDEN, ESQ.
          Florida Bar No.: 0094080
          CHARLES J. MCHALE, ESQ.
          Florida Bar No.: 0026555
          GOLDEN SCAZ GAGAIN, PLLC
          201 North Armenia Avenue
          Tampa, Florida 33609-2303
          Phone: (813) 251-5500
          Fax: (813) 251-3675
          dgolden@gsgfirm.com

          **ATTORNEY FOR DEFENDANT**
          **ARSTRAT, LLC**